**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| RENEE CURTIS-CAREY a/k/a | : | CASE NO: 16-17392AMC |
| RENEE CURTIS | : | |
| | : | |
| Debtors | : | |
| | : | |
| _____ | : | |

**DEBTOR'S MOTION TO HOLD PHH MORTGAGE CORPORATION**
**IN CONTEMPT OF COURT**

The Debtor, through counsel, requests that this Court, pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 9014 and 9020, hold PHH Mortgage Corporation, as mortgage servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2 ("PHH"), in contempt of this Court's Order dated November 17, 2021  (the "Order"), to compel compliance with the Order, and award Debtor attorney fees for this Motion.  In support of this Motion the Debtor states as follows:

1. The Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on October 20, 2016.

2. The confirmed First Amended Plan provided for the cure of Debtor's pre-petition mortgage default, as stated in PHH's Proof of Claim No. 15, as well as maintenance of current mortgage payments during the plan pursuant to 11 U.S.C. § 1322(b)(5). Doc Nos. 20, 30.

3. On November 17, 2021, upon motion of the Debtor and after notice and hearing, the Court entered an Order finding, *inter alia*,  that the Debtor's mortgage "which is the basis for Proof of Claim No. 15 filed in this case, has been cured so that it is current as of the date of this Order and

that <u>Debtor's remaining balance due on the mortgage is the amount that would have existed if the default had never occurred</u>." Doc No. 76 (emphasis added).

4. On November 18, 2021, the Debtor's Chapter 13 case was closed. Doc. No. 77.

5. Notwithstanding the Court's Order of November 17, on December 3, 2021, PHH issued Debtor a periodic mortgage statement indicating that it was charging Debtor $654.79 in "assessed expenses." A true and correct copy of the December 3 statement is attached as Exhibit A.

6. On December 13, Debtor spoke to a PHH representative who informed Debtor that the costs were bankruptcy-associated attorney fees.

7. Given the Court's Order of November 17 and the case closing of November 18, the assessed fees on the December 3 statement cannot have been incurred after the Court's November 17 Order as there was no activity after that date that could have incurred attorney fees for PHH.

8. As such the assessed fees on the December 3 statement can only be fees that were incurred prior to November 17 and are therefore precluded by the Court's November 17 Order.

9. By asserting the fees in the December 3 statement, PHH is in willful contempt of the Court's November 17 Order.

10. On December 14, 2021, by email correspondence to PHH's counsel of record, Kristen Little, Esq., Debtor's counsel conveyed Debtor's position on this issue. Debtor's counsel asked attorney Little to advise by December 23 whether PHH would remove the fees.

11. As of the date of this Motion, attorney Little has not acknowledged the December 14 email.

12. Given the above incontrovertible facts, PHH has no justifiable excuse for its willful disregard of the Court's Order.

13. The Court has the inherent power to enforce its own orders and penalize a party for its failure to follow the Court's orders.

WHEREFORE the Debtor prays this Court to:

a. Find PHH in contempt of the November 17 Order;

b. Order PHH to remove the $654.79 of assessed fees from Debtor's mortgage loan account.

c. Award Debtor attorney's fees and costs associated with this Motion, to be paid by PHH.

RESPECTFULLY SUBMITTED,

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Community Legal Services of Philadelphia
Attorney for Debtor
1410 W. Erie Ave.
Philadelphia PA 19140
(215) 215-227-4795
amadrid@clsphila.org

3