IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| RENEE CURTIS-CAREY a/k/a RENEE CURTIS | : | CASE NO: 16-17392AMC |
| Debtors | : | |

**DEBTOR'S SECOND MOTION TO HOLD
PHH MORTGAGE CORPORATION IN CONTEMPT**

The Debtor, through counsel, requests that this Court, pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 9014 and 9020, hold PHH Mortgage Corporation, as mortgage servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2 ("PHH"), in contempt of this Court's Orders dated November 17, 2021 and March 8, 2022 (the "Orders"). In support of this Motion the Debtor states as follows:

1. On December 30, Debtor filed a Motion to Hold PHH in Contempt of this Court's order of November 17, 2021 (the "First Contempt Motion"). Doc No. 80.

2. The facts alleged in the First Contempt Motion are incorporated herein, but to paraphrase, Debtor alleged that PHH attempted to charge Debtor for fees and costs that were precluded by the November 17, 2021 Order.

3. Debtor has made all contractual mortgage payments to PHH since the November 17 Order.

4. The parties resolved the First Contempt Motion by Stipulation, incorporated in the

the Court's Order of March 8, 2022. Doc. No. 85.

5. Under the March 8 Stipulation Order, PHH was to eliminate fees, costs and escrow items from Debtor's mortgage account and provide documentation to Debtor's counsel reflecting this corrections no later than March 25, 2022.

6. On March 9, one day after the March 8 Order, PHH mailed to Debtor a letter wrongly alleging that Debtor was in default on her mortgage payments (the "March 9 Default Notice"). A true and correct copy of the default notice is attached as Exhibit A.

7. On March 15, Debtor's counsel forwarded the March 9 Default Notice to PHH's counsel stating that no action would be taken at that time but affirming that Debtor would hold PHH strictly to the Court's deadline.

8. On March 18, 2022, PHH issued a second letter wrongly alleging that Debtor was in default on her mortgage payments (the "March 18 Default Notice"), which Debtor ironically received on March 25, the date that PHH was to provide documentation that it had corrected her account. A true and correct copy of the default notice is attached as Exhibit B.

9. On March 25, 2022, PHH's counsel acknowledged that she had immediately forwarded the March 15 correspondence from Debtor's counsel to PHH, but had still not received the requested documentation required by the March 8 Order.

10. On March 28, 2022, Debtor's counsel again contacted PHH's counsel and informed them that PHH failed to meet the Court's deadline and forwarded the March 18 Default Notice.

11. PHH's counsel informed Debtor's counsel that they had escalated this issue with PHH, as of the date of this Second Contempt Motion, PHH has still not communicated its compliance with the Court's prior orders and continues to violate those Orders.

12. As of the date of this Motion, Debtor's online account with PHH still reflects an "escrow" shortage despite the fact that the loan is not escrowed. See First Contempt Motion.

13. In addition, Debtor's last periodic mortgage statement dated March 11, 2022, still reflects disallowed fees and costs as well as an escrow shortage. A true and correct copy is attached as Exhibit C

14. Debtor respectfully suggests that further sanctions are warranted to ensure PHH's compliance with the Court's Orders.

15. Debtor respectfully suggests an appropriate compliance penalty is $1,000 for PHH's failure to meet the March 25 deadline and an additional $1,000 for each default notice. An additional $1000 should be assessed if PHH issues in incorrect periodic mortgage statement in April 2022.

16. In addition, should PHH not be compliant by the hearing date of April 27, 2022 for this Motion, the Court should assess a $100 per diem penalty until PHH is compliant.

17. Finally, Community Legal Services should be awarded attorneys fees associated with this second contempt motion.

WHEREFORE the Debtor prays this Court to:

a. Find PHH in contempt of the Court's Contempt Orders of November 17, 2021 and March 8, 2022;

b. Compel PHH to immediately comply with the Order, adding a coercive daily penalty for late compliance;

c. Award Debtor attorney's fees and costs associated with this Second Motion, to be paid by PHH; and

    d.    Award other such additional relief as the Court deems necessary or proper, including referral to the United States Trustee to investigate the conduct of PHH in this and other cases in this district.

RESPECTFULLY SUBMITTED,

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Community Legal Services of Philadelphia
Attorney for Debtor
1410 W. Erie Ave.
Philadelphia PA 19140
(215) 215-227-4795
amadrid@clsphila.org